# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **NICHOLE DICKEY** : | |
| 7394 Shamrock Dr. : | |
| Mentor, Ohio 44060 : | |
| : | |
| Plaintiff, : | CASE NO. 1:21-cv-733 |
| : | |
| v. : | JUDGE |
| : | |
| : | MAGISTRATE JUDGE |
| **CHAGRIN TAVERN LLC** : | |
| c/o Agent, Michael T. Huffman : | |
| 1662 East 361st Street, Unit 10 : | |
| Eastlake, OH 44095 : | |
| : | **Jury Demand Endorsed Herein** |
| : | |
| Defendant. : | |

## COMPLAINT

NOW COMES Plaintiff Nichole Dickey ("Plaintiff") and proffers this Complaint for damages against Defendant Chagrin Tavern LLC ("Defendant").

## THE PARTIES

1. Plaintiff is a natural person residing in Lake County, Ohio.

2. Defendant Chagrin Tavern LLC is an Ohio Limited Liability Company doing business in the Northern District of Ohio.

3. Plaintiff was an employee of Defendant as defined by Title VII of the Civil Rights Act of 1964, U.S.C. § 2000e, *et seq* and the Ohio Civil Rights Act, R.C. § 4112 at all relevant times herein.

4. Defendant is an employer as defined by Title VII of the Civil Rights Act of 1964, U.S.C. § 2000e, *et seq*. and the Ohio Civil Rights Act, R.C. § 4112.

**JURISDICTION AND VENUE**

5. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 and Ohio Laws of Discrimination. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

6. Venue is proper pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in the Northern District of Ohio, Plaintiff performed her job duties there, and Defendant is doing and has done substantial business in the Northern District of Ohio.

**FACTUAL BACKGROUND**

7. Plaintiff was hired by Chagrin Tavern in May/June 2020 as a bartender. Plaintiff's performance and disciplinary history with Defendant is devoid of any significant issues.

8. Because of her exceptional performance, Plaintiff was promoted to Assistant Manager in September 2020.

9. During her employment at Defendant, Plaintiff experienced severe harassment from the owner, Mike Huffman Sr.

10. On multiple occasions, Mr. Huffman referred to female waitresses as "hookers" and "whores." He even referred to women this way in front of restaurant/bar patrons. Mr. Huffman never degraded male employees in this manner.

11. In October 2020, Mr. Huffman threw a drinking glass at another female employee, Justine Giampietro. This incident frightened the staff and caused a young hostess to quit.

12. Plaintiff is a lesbian woman, and Mr. Huffman would continually harass and discriminate against Plaintiff because of her sexual orientation.

13. On one occasion, Mr. Huffman said that Plaintiff "doesn't have common sense because she doesn't take dick and eats pussy."

14. Mr. Huffman also nicknamed Plaintiff, calling her "muffin", which is commonly used as a misogynistic and derogatory term towards women, typically lesbian women. Mr. Huffman also stated that Plaintiff "ate muffin." Mr. Huffman, along with other employees, also called Plaintiff a "muffin diver."

15. These comments to Plaintiff about her sexual orientation and the derogatory comments about females, generally, occurred every single day.  Mr. Huffman did not care whether he made these comments in front of patrons of the restaurant and frequently did so, often laughing at his own comments.

16. On Wednesday, November 25, 2020, Plaintiff began feeling ill, so she left work 45 minutes early. Fearing that she had COVID-19, Plaintiff, called the acting General Manager and informed her that she would not be able to come into work until she got a COVID test, which she was working diligently to get.

17. The General Manager texted Plaintiff back, saying "see you Tuesday."

18. Nonetheless, while awaiting her test results, Mr. Huffman terminated Plaintiff via text message, saying she was a "no call, no show." This reason for termination is untrue as Plaintiff informed the General Manager of her need to take off work due to potential COVID exposure, in writing.

19. After her termination, Mr. Huffman falsely accused Plaintiff of hacking the company's Facebook page. He also called Plaintiff to the office to give her a final

3

paycheck. When Plaintiff looked at the paycheck, she saw that the check was filled out for $0.

## COUNT I - TITLE VII
### Gender Discrimination

20. Plaintiff reasserts and reincorporates each and every allegation in the preceding paragraphs as if fully rewritten herein.

21. Defendant engaged in conduct that violates Title VII prohibiting sex discrimination by discriminating against Plaintiff and terminating her because of her gender.

22. Plaintiff is female and a lesbian and is therefore a member of a protected class

23. Plaintiff was subjected to an adverse employment action as Defendant terminated her.

24. Because of her gender and sexual orientation, Plaintiff was subjected to continual harassment by Mr. Huffman.

25. Plaintiff was qualified for her position because she was promoted less than two months prior to her termination.

26. Similarly-situated, non-protected individuals were not subjected to the same discrimination as Plaintiff nor were they terminated because of their gender or sexual orientation.

27. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including, but not limited to, loss of salary, benefits, and other terms, privileges and conditions of employment for which Defendant is liable.

28. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## COUNT II - TITLE VII
### Sexual Harassment: Hostile Work Environment and Termination

29. Plaintiff reasserts and reincorporates each and every allegation contained in the preceding paragraphs as if fully rewritten herein.

30. Defendant engaged in conduct that violates Title VII prohibiting sex discrimination by sexually harassing Plaintiff, by creating and encouraging a hostile work environment for Plaintiff based on sex, by refusing to remedy the situation and provide a reasonable and non-hostile work environment, and terminating Plaintiff because of her gender and sexual orientation.

31. Plaintiff was subjected to unwelcomed and continual sexual harassment by Defendant's employee, Mr. Huffman and other employees.

32. Plaintiff was continually subjected to berating, sexist, homophobic, humiliating, and degrading harassment because of her gender and sexual orientation.

33. The harassment was based on Plaintiff's sex.

34. The harassment unreasonably interfered with Plaintiff's work performance because she was frightened coming to work because the environment was hostile and abusive.

35. The harassment was sufficiently severe or pervasive enough to create a hostile or offensive working environment because Plaintiff felt unsafe and because Plaintiff was verbally abused because of her gender and sexual orientation.

36. Defendant knew or should have known of the charged sexual harassment and hostile environment because the harasser, Mr. Huffman was the General Manager.

37. Defendant failed unreasonably to take prompt and appropriate corrective action because it never condemned nor tried to prevent the hostile environment.

38. Defendant's supervisor, Mr. Huffman, took a tangible employment action against Plaintiff when he terminated her.

39. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including, but not limited to, loss of salary, benefits, and other terms, privileges and conditions of employment for which Defendant is liable.

40. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

### COUNT III - Ohio Civil Rights Act
### Gender Discrimination

41. Plaintiff reasserts and reincorporates each and every allegation in the preceding paragraphs as if fully rewritten herein.

42. Defendant engaged in conduct that violates R.C. § 4112 prohibiting sex discrimination by discriminating against Plaintiff and terminating her because of her gender and sexual orientation.

43. Plaintiff is female and a lesbian and is therefore a member of a protected class.

44. Plaintiff was subjected to an adverse employment action as Defendant terminated her.

45. Because of her gender and sexual orientation, Plaintiff was subjected to continual harassment by Mr. Huffman.

46. Plaintiff was qualified for her position because she was promoted less than two months prior to her termination.

47. Similarly-situated, non-protected individuals were not subjected to the same harassment and discrimination as Plaintiff nor were they terminated because of their gender or sexual orientation.

48. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including, but not limited to, loss of salary, benefits, and other terms, privileges and conditions of employment for which Defendant is liable.

49. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## COUNT IV - Ohio Civil Rights Act
### Sexual Harassment: Hostile Work Environment and Termination

50. Plaintiff reasserts and reincorporates each and every allegation contained in the preceding paragraphs as if fully rewritten herein.

51. Defendant engaged in conduct that violates R.C. § 4112 prohibiting sex discrimination by sexually harassing and assaulting Plaintiff, by creating and encouraging a hostile work environment for Plaintiff based on sex, by refusing to remedy the situation and provide a reasonable and non-hostile work environment, and terminating Plaintiff because of her gender and sexual orientation.

52. Plaintiff was subjected to unwelcomed and continual sexual harassment by Defendant's employee, Mr. Huffman and other employees.

53. Plaintiff was continually subjected to berating, sexist, homophobic, humiliating, and degrading harassment because of her gender and sexual orientation.

54. The harassment was based on Plaintiff's sex.

55. The harassment unreasonably interfered with Plaintiff's work performance because she was frightened coming to work because the environment was hostile and abusive.

56. The harassment was sufficiently severe or pervasive enough to create a hostile or offensive working environment because Plaintiff felt unsafe and because Plaintiff was verbally abused because of her gender and sexual orientation.

57. Defendant knew or should have known of the charged sexual harassment and hostile environment because the harasser, Mr. Huffman was the General Manager.

58. Defendant failed unreasonably to take prompt and appropriate corrective action because it never condemned nor tried to prevent the hostile environment.

59. Defendant's supervisor, Mr. Huffman, took a tangible employment action against Plaintiff when he terminated her.

60. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including, but not limited to, loss of salary, benefits, and other terms, privileges and conditions of employment for which Defendant is liable.

61. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front pay, compensatory damages and punitive damages in an amount to be determined at trial, but in any event not less than $75,000.00 and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,

/s/ *Rachel Sabo Friedmann*
Rachel Sabo Friedmann (0089226)
(*Rachel@TheFriedmannFirm.com*)
Peter G. Friedmann (0089293)
(*Pete@TheFriedmannFirm.com*)
**The Friedmann Firm LLC**
**(614) 610-9757**
1457 South High Street
Columbus, Ohio  43207

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.

/s/ *Rachel Sabo Friedmann*
Rachel Sabo Friedmann (0089226)