IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **NICHOLE DICKEY,** | **CASE NO. 1:21-CV-00733-PAB** |
| **Plaintiff,** -vs- | **JUDGE PAMELA A. BARKER** |
| **CHAGRIN TAVERN LLC,** Defendant. | **MEMORANDUM OPINION AND ORDER** |

This matter comes before the Court upon the Motion for Sanctions filed by Defendant Chagrin Tavern LLC ("Defendant" or "Chagrin Tavern") on January 18, 2022 (the "Motion") (Doc. No. 14), seeking sanctions up to and including dismissal of Plaintiff Nichole Dickey's ("Plaintiff" or "Dickey") Complaint with prejudice. Plaintiff has not filed any Opposition to the Motion. For the following reasons, Defendant's Motion is GRANTED.

I.  **Factual Background and Procedural History**

On April 5, 2021, Dickey filed a Complaint against Chagrin Tavern setting forth claims for gender discrimination and sexual harassment (hostile work environment and termination) under both Title VII (Counts I and II) and the Ohio Civil Rights Act (Counts III and IV). (Doc. No. 1.) Dickey is a former bartender and assistant manager of Chagrin Tavern who alleges that she was discriminated against by Chagrin Tavern and its owner, citing various instances of derogatory remarks and harassment that she allegedly experienced during her employment. (*Id.* at ¶¶ 7-19.) Although initially represented by counsel, at the time of this Memorandum Opinion and Order, Dickey is proceeding *pro se*.

The Court previously held a Case Management Conference on July 19, 2021, at which time Dickey was represented by counsel. During this conference, the Court set a fact discovery deadline of January 17, 2022. (Doc. Nos. 10, 11.) On August 13, 2021, counsel for Dickey, Attorneys Rachel Sabo Friedmann and Peter Friedmann, filed a Motion to Withdraw as Attorneys for Plaintiff. (Doc. No. 12.) The Court granted counsel's unopposed Motion to Withdraw. (Non-Document Order of Aug. 30, 2021.) Therein, Dickey's counsel represented that Dickey "has failed substantially to fulfill an obligation to counsel regarding counsel's services" and that Dickey "has failed to communicate with counsel and has not provided information necessary for counsel to litigate the case." (Doc. No. 12 at PageID# 56.) Counsel provided notice to Dickey of their intent to withdraw from representation, but she did not respond. (*Id.* at PageID# 55.) In addition, counsel informed Dickey of all upcoming deadlines in the case at the time of their withdrawal. (*Id.* at PageID# 56.)

On November 15, 2021, Chagrin Tavern submitted a Position Paper to Chambers in which it asserted that Dickey had thus far failed to produce initial disclosures, respond to discovery requests (including requests for admissions), or respond to defense counsel's attempts to communicate with her. (Non-Document Order of Nov. 15, 2021.) The Court directed Chagrin Tavern to file a Motion to Compel Discovery as soon as practicable and granted Dickey fourteen (14) days from the filing of the Motion to Compel in which to file any Brief in Opposition. (*Id.*) A copy of the docket report was also mailed to Dickey on November 15. Chagrin Tavern filed its Motion to Compel on November 16, 2021 (Doc. No. 13) and the docket reflects that Dickey did not file any Opposition thereto.

The Court held a telephonic Status Conference on December 6, 2021. (*See* Minutes of Proceedings of Dec. 6, 2021.) Although the Court waited fifteen (15) minutes for Dickey to join the Status Conference, Dickey did not participate in the call. (*Id.*) The Court granted Chagrin Tavern's

unopposed Motion to Compel Discovery and ordered Dickey to submit Initial Disclosures and respond to Chagrin Tavern's written discovery within thirty (30) days of the Court's Order. (*Id.*) The Court also directed Dickey, no later than thirty (30) days from the Court's Order, to confer with counsel for Chagrin Tavern regarding the scheduling of her deposition. (*Id.*) The Court also specifically included in its Order that, "Plaintiff is advised that failure to comply with this Court's Order may result in the imposition of sanctions, up to and including dismissal of the instant action." (*Id.*) A copy of the docket with the Court's December 6, 2021 Order highlighted was mailed to Dickey the next day.

On January 11, 2022, the Court issued an Order reflecting that the Court had been advised by Chagrin Tavern's counsel that, "Plaintiff has not responded to discovery, did not provide Initial Disclosures, and has not contacted defense counsel regarding scheduling her deposition," as required by the Court's December 6, 2021 Order. (Non-Document Order of Jan. 11, 2022.) The Court directed Chagrin Tavern "to file an appropriate motion for sanctions, up to and including dismissal for failure to prosecute." (*Id.*) On January 18, 2022, Chagrin Tavern filed the instant Motion for Sanctions. (Doc. No. 14.) Dickey has thus far failed to file any Opposition to the Motion. Accordingly, the Motion is ripe for a decision.

**II.    Standard of Review**

Fed. R. Civ. P. 37(b)(2)(A) addresses sanctions for not obeying a discovery order and provides in relevant part:

> If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following: . . . (v) dismissing the action or proceeding in whole or in part.

Fed. R. Civ. P. 37(b)(2)(A)(v). "A district court may sanction parties who fail to comply with discovery orders in a variety of ways, including dismissal of their lawsuit or entry of default judgment against them." *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990). "The use of dismissal as a sanction for failing to comply with discovery has been upheld because it accomplishes the dual purpose of punishing the offending party and deterring similar litigants from such misconduct in the future." *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642-43 (1976)). "[D]ismissal is an appropriate sanction where the party's failure to cooperate with the court's discovery orders is due to willfulness. A willful violation occurs whenever there is a conscious and intentional failure to comply with the court order." *Id.* "Moreover, the fact that a party is *pro se* does not insulate her from the sanction of dismissal, so long as a warning has been provided that noncompliance can result in dismissal." *Cart v. Inv. Retrievers, Inc.*, No. 1:14-cv-1270, 2015 WL 13729639, at *4 (N.D. Ohio Oct. 1, 2015), *report and recommendation adopted*, 2015 WL 6742079 (N.D. Ohio Nov. 3, 2015).

The Sixth Circuit has identified four factors which should be considered when reviewing a decision to dismiss a case under Rule 37. *Bass*, 71 F.3d at 241. These factors are: (1) "whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault;" (2) "whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery;" (3) "whether the dismissed party was warned that failure to cooperate could lead to dismissal;" and (4) "whether less drastic sanctions were imposed or considered before dismissal was ordered." *Id.*; *see also Mager v. Wis. Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019). "'Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct.'" *Mager*, 924 F.3d at 837 (citation omitted).

**III. Analysis**

Upon review of the record in this case, the Court finds that dismissal is warranted. Dickey's failure to respond to Chagrin Tavern's discovery requests and communications from defense counsel, her lack of response to Chagrin Tavern's Motion to Compel or Motion for Sanctions, and her failure to comply with the Court's Orders have made it clear that Dickey has no intention of prosecuting this action. The Court finds that the four factors identified above all weigh in favor of dismissal of the action as an appropriate Rule 37 sanction.

First, the Court agrees with Chagrin Tavern that Dickey has acted in willful bad faith, such that the first factor supports dismissal. "If a party refuses to comply with discovery repeatedly, such conduct is indicative of 'willfulness, bad faith, or fault.'" *DiLuzio v. Vill. of Yorkville, Ohio*, No. 2:11-cv-1102, 2016 WL 7406535, at *26 (S.D. Ohio Dec. 22, 2016) (quoting *Bank One*, 916 F.2d at 1079). Here, since the withdrawal of her counsel in August 2021, Dickey has failed to produce initial disclosures, respond to discovery requests, or respond to defense counsel's attempts to communicate with her. Chagrin Tavern argues that since it served its initial discovery requests on Dickey, she "has done nothing to advance this case or prosecute her claims" against Chagrin Tavern. (Doc. No. 14 at PageID# 72.) For example, subsequent to Dickey's counsel's withdrawal, counsel for Chagrin Tavern wrote to Dickey to follow up on the discovery requests, but received no discovery from Dickey. (*See* Doc. Nos. 14-3, 14-4 (Defense counsel's correspondence to Dickey); Doc. No. 14-5 (Nov. 15, 2021 email to Chambers).) Dickey did not comply with the Court's December 6, 2021 Order that she respond to Chagrin Tavern's discovery requests and confer with defense counsel about scheduling a deposition. (*See* Non-Document Order of Dec. 6, 2021; Doc. No. 14-5 (Jan. 11, 2022 email to Chambers).) The Court finds that Dickey's "complete failure to cooperate in any discovery can only

be construed as demonstrating bad faith and/or a willful intent to unduly delay resolution of this action." *Mitchell v. Tri-Health, Inc.*, No. 11-318-HJW, 2012 WL 2190809, at *2 (S.D. Ohio June 14, 2012).

With respect to the second factor, the Court finds that Chagrin Tavern has been prejudiced by Dickey's actions. "The second factor is satisfied if the failure to provide discovery deprives the opposing party of information critical to their case and they are forced to expend significant time and resources addressing the discovery abuses." *DiLuzio*, 2016 WL 7406535, at *30. "[P]rejudice occurs when the plaintiff's misconduct impairs the defendant's ability to prepare a defense." *Cart*, 2015 WL 13729639, at *12. Chagrin Tavern argues that due to Dickey's failure to respond to any discovery requests, Chagrin Tavern has been unable to obtain any information about Dickey's case, her damages, or her alleged supporting evidence. (Doc. No. 14 at PageID# 72.) Chagrin Tavern has therefore been left without the ability to adequately defend itself or prepare for trial. (*Id.*) The Court finds that the prejudice factor counsels in favor of dismissal.

The Court also finds that the third factor—whether the party was warned that failure to cooperate could lead to dismissal—clearly weighs in favor of dismissal. Dickey was warned previously that her case could be dismissed. In the Court's December 6, 2021 non-document Order, the Court explicitly advised Dickey that her "failure to comply with this Court's Order may result in the imposition of sanctions, up to and including dismissal of the instant action." (Non-Document Order of Dec. 6, 2021.) A copy of the Court's non-document Order was then sent by mail to Dickey the next day. Dickey therefore had sufficient notice that her refusal to cooperate in discovery could lead to dismissal of her case.

6

Finally, "[t]he fourth factor 'is whether less drastic sanctions were first imposed or considered' before the harsh sanction of dismissal . . . [was] imposed." *Peltz v. Moretti*, 292 F. App'x 475, 480 (6th Cir. 2008) (quoting *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)). The Sixth Circuit "has stated that 'the sanction of dismissal is appropriate only if . . . no alternative sanction would protect the integrity of the pretrial process.'" *Id.* (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 594 (6th Cir. 2001)). Chagrin Tavern argues that there is no indication that a lesser sanction would guarantee future cooperation by Dickey, as the Court has ordered Dickey multiple times to comply with discovery, to no avail. (Doc. No. 14 at PageID#s 72-73.) Here, "while there are other less drastic sanctions, the Court finds that such sanctions would either be meaningless or have the same effect as a dismissal." *Hernandez v. Smith*, No. 1:17-cv-327, 2018 WL 6606251, at *3 (W.D. Mich. Oct. 30, 2018). For example, "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," (Fed. R. Civ. P. 37(b)(2)(A)(ii)), or "staying further proceedings until the order is obeyed," (*Id.* at 37(b)(2)(A)(iv)), would not meaningfully bring Dickey into compliance or move the case forward. It is therefore "unclear what—if any—less drastic sanctions would be appropriate. The discovery period has expired and the record does not indicate that plaintiff has taken *any* substantive steps toward timely resolving this case." *Mitchell*, 2012 WL 2190809, at *2. "There is no reason to keep this case open when plaintiff is not actively prosecuting [her] claims [and] not participating in discovery." *Hernandez*, 2018 WL 6606251, at *3.

The Court finds that the four factors weigh in favor of dismissal of the case as an appropriate Rule 37 sanction due to Dickey's failure to participate in any discovery or comply with the Court's Orders.

## IV. Conclusion

Defendant's Motion for Sanctions (Doc. No. 14) is GRANTED. The case is hereby dismissed without prejudice.

**IT IS SO ORDERED.**

Date: February 28, 2022

    *s/Pamela A. Barker*
PAMELA A. BARKER
U.S. DISTRICT JUDGE